Peck, J. 1
delivered the opinion of the court. r
The breach of the condition of the bond, grows out of an act die clerk was necessarily bound to do in the presence of the court; and if not done under the guidance of the judge, was, at least, prima facie, done by his assent. It is, therefore, an inference in favor of the clerk, that the court, before granting the appeal, was satisfied with the bond; because the bond is a pre-requisite to granting the appeal. Act 1794, ch. 1.
There are many acts which clerks are necessarily bound to do out of term time; acts in which judgment and skill are requisite to be exercised. In these, should the clerk act culpably, negligently or oppressively, to the injury of those he is bound to act for, he would be held amenable; his duty having to be executed partly ministerially, and partly judicially; and sometimes the same act partaking of both these characters. It would be difficult to point out the cases in which the law would excuse him for an error in judgment; but in the case before us, we have no doubt the parties were present in court, both plaintiff and defendant. The bond is presumed to have been taken in presence of the court, as well as of the parties. It was subject to objections; and the mind of the court could have been called, not only to the form, but to the sufficiency of the bond, and of the securities offered; or that the clerk, in taking it, violated: his duty.
Seeing, by the act of assembly, that the party appealing had to tender a sufficient bond, before the court would grant the appeal, and the granting the appeal being a j,u-dicial act, on which the mind of the court had to operate, it follows, that the judge was satisfied with the performance of all the pre-requisites to allowing such appeal. The plaintiffs make out no cause of action.
Judgment affirmed.